IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SHAKITA CLAYTON,

    Plaintiff,

v.                                                                                          Case No. CT-3474-21
                                                                       Division II

ARTAK GAGIGOVICH MARTIROSYAN;
GREEN WAY EXPRESS, LLC; GOOD LINE
TRANSPORTATION, LLC GOOD LINE;
PENSKE TRUCK LEASING CO., L.P., and
PENSKE TRUCK LEASING CORPORATION;

    Defendants.

## NOTICE OF FILING REMOVAL

Please take notice that the Defendants Goodline Transpotation, LLC (incorrectly named in the style of the case as Good Line Transportation, LLC Goodline), by and through its counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removed this action to the United States District Court for the Western District of Tennessee on January 19, 2022. A copy of the Notice of Removal and the exhibits thereto are attached hereto as **Exhibit 1**. In accordance with 28 U.S.C. § 1446(d), no further proceedings shall be held in this Court unless and until this action is remanded.

Respectfully submitted,

_____
Lee L. Piovarcy (Tenn. Bar No. 8202)
Samuel M. Fargotstein (Tenn. Bar No. 31115)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Ave., Tower II, Suite 1000
Memphis, TN 38119-4839
(901) 522-9000
(901) 527-3746 (Fax)
lpiovarcy@martintate.com
sfargotstein@martintate.com

*Attorneys for Defendants Greenway Express, LLC, Goodline Transportation, LLC, and Artak Martirosyan*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the below-listed counsel this 19th day of January 2022, by first-class mail, postage prepaid via electronic mail, and via the Court's Electronic Case Filing system:

William T. Hackett
MORGAN & MORGAN - MEMPHIS
80 Monroe Avenue, Suite 900
Memphis, TN 38103
whackett@forthepeople.com
*Attorney for Plaintiff, Shakita Clayton*

James B. Summers
ALLEN, SUMMERS, SIMPSON, LILLIE & GRESHAM, PLLC
80 Monroe Avenue, Suite 650
Memphis, TN 38103
jsummers@allensummers.com
*Counsel for Penske Truck Leasing Co., L.P. and/or Penske Truck Leasing Corporation*

_____

2

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**SHAKITA CLAYTON,**

    **Plaintiff,**

v.                                                                     **Civil Action No.**

**ARTAK GAGIGOVICH MARTIROSYAN;
GREEN WAY EXPRESS, LLC; GOOD LINE
TRANSPORTATION, LLC GOOD LINE;
PENSKE TRUCK LEASING CO., L.P., and
PENSKE TRUCK LEASING CORPORATION;**

    **Defendant.**

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE:

    COME NOW the Defendant Goodline Transportation, LLC (incorrectly named in the style of the case as Goodline Transportation, LLC Goodline) ("Defendant Goodline"), by and through counsel, and respectfully aver as follows:

    1.    On August 27, 2021 Plaintiff Shakita Clayton ("Plaintiff") commenced a civil action against Defendants in the Circuit Court for Shelby County, Tennessee. Copies of Plaintiffs' Complaint and Summonses are attached hereto collectively as **Exhibit A**.

    2.    The Complaint, being the original process in this case, was first received by Defendant Goodline no earlier than December 21, 2021; by Defendant, Greenway Express, LLC ("Defendant Greenway"), no earlier than November 5, 2021; by Defendant, Artak Martirosyan ("Defendant Martirosyan"), no earlier than September 30, 2021; by Defendant Penske Truck

Leasing Corporation ("Defendant Penske 1") no earlier than September 17, 2021; and by Defendant Truck Leasing Co., L.P. ("Defendant Penske 2") no earlier than September 17, 2021.

3. This personal-injury lawsuit arises out of an automobile accident alleged to have occurred near the intersection of Shelby Drive and Airways, which is located within the boundaries of Shelby County, Tennessee. See **Ex. A**, Compl. ¶ 22.

4. Plaintiff seek damages in the amount of ten million dollars ($10,000,000.00). See **Ex. A**, Compl. at p. 11, ¶ 2.

5. At all times material hereto, Plaintiff was and is a resident of the State of Mississippi. See **Ex. A**, Compl. ¶¶ 1-2.

6. At all times material hereto, Defendant, Artak Martirosyan, was and is a citizen and resident of the State of Texas. See **Ex. A**, Compl. ¶ 2.

7. At all times material hereto, Defendant Goodline, was and is a limited liability company formed under the laws of the State of Ohio with its principal place of business in Ohio. The members of Goodline were and are all citizens and residents of the State of Virginia.

8, At all times material hereto, Defendant Greenway, was and is a limited liability company formed under the laws of the State of Virginia with its principal place of business in Virginia. The member of Greenway was and is a citizen and resident of the State of Virginia.

9. At all times material hereto, Defendants Penske 1 was and is a foreign corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

10. At all times material hereto, Defendants Penske 2 was and is a foreign limited partnership incorporated under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

9. Diversity of citizenship within the meaning of 28 U.S.C. § 1332 exists in this case since:

    (a) Plaintiff was and is citizen and resident of the State of Mississippi;

    (b) Defendant Martirosyan was and is a resident of the State of Texas.

    (c) Defendant Greenway, was and is a resident and citizen of the State of Virginia. Its members were and are residents of the state of Virginia.

    (d) Defendant Goodline was and is a resident and citizen of the State of Ohio. Its members were and are residents of the state of Virginia.

    (e) Defendant Penske 1 was and is a resident and citizen of the State of Pennsylvania.

    (f) Defendant Penske 2 was and is a resident and citizen of the State of Pennsylvania.

10. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that Defendants are entitled to removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

11. Additionally, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 since, based on the nature of the injuries alleged by Plaintiff in the Complaint along with Plaintiff's prayer for relief in the amount of ten million dollars ($10,000,000.00), the amount in controversy clearly exceeds the sum of $75,000.00.

12. It has been less than thirty (30) days since Defendant Goodline was served with the Summons and Complaint.

13. Defendants Goodline, Martirosyan, Greenway, Penske 1, and Penske 2 desire and consent to the removal the above-captioned action, now pending in the Circuit Court of Shelby County, Tennessee, to this Honorable Court pursuant to 28 U.S.C. § 1446.

WHEREFORE, Defendant Goodline prays that the above-captioned action, now pending in the Circuit Court Shelby County, Tennessee, be removed to this Honorable Court.

Respectfully submitted,

s/ Samuel M. Fargotstein
Lee L. Piovarcy (Tenn. Bar No. 8202)
Samuel M. Fargotstein (Tenn. Bar No. 31115)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Ave., Tower II, Suite 1000
Memphis, TN 38119-4839
(901) 522-9000
(901) 527-3746 (Fax)
lpiovarcy@martintate.com
sfargotstein@martintate.com

*Attorneys for Defendants Greenway Transportation, LLC, Goodline Transportation, LLC, and Artak Martirosyan*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the below-listed counsel this 19th day of January 2022, by first-class mail, postage prepaid via electronic mail, and via the Court's Electronic Case Filing system:

William T. Hackett
MORGAN & MORGAN - MEMPHIS
80 Monroe Avenue, Suite 900
Memphis, TN 38103
whackett@forthepeople.com
*Attorney for Plaintiff, Shakita Clayton*

James B. Summers
ALLEN, SUMMERS, SIMPSON, LILLIE & GRESHAM, PLLC
80 Monroe Avenue, Suite 650
Memphis, TN 38103
jsummers@allensummers.com
*Counsel for Penske Truck Leasing Co., L.P. and/or Penske Truck Leasing Corporation*

s/ Samuel M. Fargotstein

# Exhibit A

ELECTRONICALLY FILED
2021 Aug 27 2:28 PM
CLERK OF COURT

# IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| SHAKITA CLAYTON; | |
| **Plaintiff,** | |
| v. | |
| ARTAK GAGIKOVICH MARTIROSYAN; GREEN WAY EXPRESS, LLC; GOOD LINE TRANSPORTATION, LLC GOOD LINE; PENSKE TRUCK LEASING CO., L.P., and PENSKE TRUCK LEASING CORPORATION; | DOCKET NO.: CT-3474-21<br>DIVISION NO.: 2<br>JURY DEMANDED |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, SHAKITA CLAYTON, (hereafter "Plaintiff"), by and through counsel, and files this Complaint against the Defendants, ARTAK GAGIKOVICH MARTIROSYAN; GREEN WAY EXPRESS, LLC; GOOD LINE TRANSPORTATION, LLC GOOD LINE; PENSKE TRUCK LEASING CO., L.P., and PENSKE TRUCK LEASING CORPORATION (collectively as "Defendants"), for personal injuries and damages and would respectfully state unto this Honorable Court the following to wit:

1. Plaintiff, Shakita Clayton, is an adult resident of Horn Lake, DeSoto County, Mississippi.

2. Upon information and belief, Defendant Artak Gagikovich Martirosyan (hereafter "Martirosyan") is an adult resident of Williamson County, Cedar Park, Texas and can be served with process at 1600 S. Lakeline Blvd., #1623, Cedar Park, Texas 78613.

3. Upon information and belief, Defendant Green Way Express LLC (hereafter "Green Way"), is a Limited Liability Company doing business in the State of Virginia with its principal office located at 1312 Arbor Ridge Ln, Richmond, VA, 23223, who may be served with process through its registered agent, Registered Agent Djamshid Kirgizov, at 1312 Arbor Ridge Ln, Richmond, VA, 23223 - 2158.

4. Upon information and belief, Defendant Good Line Transportation LLC Good Line (hereafter "Good Line"), is a Limited Liability Company doing business in the State of Ohio with its principal office located at 470 Olde Worthington Rd Suite 200, Westerville, OH 43082, who may be served with process through its registered agent, Registered Agent Bogdan Kushnir, at 470 Olde Worthington Rd Suite 200, Westerville, OH 43082.

5. Upon information and belief, Defendant Penske Truck Leasing Co., L.P. is a foreign Limited Partnership doing business in the State of Tennessee with its principal office located at 2675 Morgantown Road, Reading, PA, 19603, who may be served with process through its registered agent, Corporation Service Company, located at 2908 Poston Ave., Nashville, TN 37203.

6. Upon information and belief, Defendant Penske Truck Leasing Corporation, is a foreign Corporation doing business in the State of Tennessee with its principal office located at 2675 Morgantown Road, Reading, PA, 19603, who may be served with process through its registered agent, Corporation Service Company, located at 2908 Poston Ave., Nashville, TN 37203.

7. Upon information and belief, Green Way and Good Line Transportation were engaged in a joint venture, leasing a truck from Penske Truck Leasing Co., L.P. and Penske Truck Leasing Corporation.

8. At all times pertinent to this Complaint, Defendant Martirosyan was an employee working for and under the control of Defendants Green Way and Good Line Transportation.

9. Defendant Martirosyan was operating a commercial truck owned by Defendants Penske Truck Leasing Co., L.P. and Penske Truck Leasing Corporation.

10. Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligent operation of a motor vehicle driven by Defendant Martirosyan in Memphis, Shelby County, Tennessee on or about May 3, 2021.

## JURISDICTION AND VENUE

11. Venue is properly situated in Shelby County pursuant to Tenn. Code Ann. § 20-4-101.

12. This Court has general jurisdiction of this matter pursuant to Tenn. Code Ann. § 16-10-101.

13. This Complaint is filed within the applicable statute of limitations.

14. Defendant Green Way Express LLC was properly served with process.

15. Defendant Good Line Transportation LLC Good Line was properly served with process.

16. Defendant Artak Gagikovich Martirosyan was properly served with process.

17. Defendant Penske Truck Leasing Co., L.P. was properly served with process.

18. Defendant Penske Truck Leasing Corporation was properly served with process.

## FACTS

19. Plaintiff alleges that at all times material hereto, Defendants, Penske Truck Leasing Co., L.P., and Penske Truck Leasing Corporation, were the registered owners and/or controllers

of the vehicle leased to Defendant Green Way Express LLC and Good Line Transportation LLC Good Line and driven by Defendant, Artak Gagikovich Martirosyan.

20. At all times pertinent to the allegations set forth in this Complaint, Defendant Artak Gagikovich Martirosyan was an agent, servant, and/or employee and was driving said vehicle with the permission, consent, knowledge, or approval of Defendants, Green Way Express LLC and Good Line Transportation LLC Good Line and Penske Truck Leasing Co., L.P., and Penske Truck Leasing Corporation.

21. Plaintiff relies upon Tennessee Code Annotated §55-10-311 and §55-10-312 and the Doctrines of Respondeat Superior and Agency, whereupon Plaintiff would allege that every act of negligence as alleged herein against Defendant, Artak Gagikovich Martirosyan, is imputed to Defendants, Green Way Express LLC and Good Line Transportation LLC Good Line and Penske Truck Leasing Co., L.P., and Penske Truck Leasing Corporation, and they are liable to Plaintiff for their resulting injuries and damages.

22. On or about May 3, 2021, at approximately 9:47 p.m., Plaintiff, Shakita Clayton, was operating a 2016 Dodge Charger, traveling eastbound on Shelby Drive near the intersection of Airways Boulevard in Memphis, Tennessee.

23. At said date, time and place, Defendant Martirosyan, was operating a 2020 Volvo Semi Freightliner traveling westbound on Shelby Drive attempting to turn left to go southbound on to Airways Boulevard.

24. Defendant Martirosyan failed to yield the right of way to oncoming traffic and pulled out in front of Plaintiff's vehicle causing the front of the 2020 Volvo Semi Freightliner that Defendant Martirosyan was operating to collide with the driver's side front, center of Plaintiff's vehicle.

4

25. The collision caused Plaintiff to suffer injuries and damages.

26. As a result of the crash, the Plaintiff, Shakita Clayton, sustained serious injuries, including, but not limited to, left intertrochanteric fracture, left both-bone forearm fracture, left ulna/radial shaft fracture, and proximal humerus fracture.

27. At all times pertinent to this Complaint, Defendants Green Way Express LLC and Good Line Transportation, LLC Good Line were acting through its agent, servant, employee and/or independent contractor, specifically, the driver, Defendant Martirosyan and therefore, Plaintiff relies on the doctrine of *Respondeat Superior*.

28. Defendants Penske Truck Leasing Co., L.P. and Penske Truck Leasing Corporation are the true owners of the vehicle that Defendant Martirosyan was operating.

29. The collision was foreseeable to Defendants and could have been avoided had said Defendants acted in a safe and prudent manner as required by state and federal law and in accordance with the standards required of professional truck drivers and motor carriers.

30. At the time of the subject wreck, Defendant Martirosyan had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Tennessee law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Tennessee law, including, but not limited to, the Required Knowledge and Skills set forth in 49 CFR §§ 383.111 and 383.113 as well as the mandates of 49 CFR §§ 390-395.

## **COUNT I-NEGLIGENCE AND NEGLIGENCE *PER SE***

31. Plaintiff incorporates paragraphs 1-30 as though set forth herein verbatim.

32. Defendant Martirosyan had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of the Plaintiff and the motoring public. This duty

included keeping a proper lookout, paying attention, obeying traffic control devices, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

27. As a professional truck driver, Defendant Martirosyan also had a duty to operate his truck-tractor in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR §§ 383.111 and 383.113; the mandates of 49 CFR §§ 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

29. Defendant Martirosyan breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

(a) Failing to yield right of way;
(b) Failing to keep a lookout for vehicles and traffic ahead;
(c) Failing to perform a proper visual search;
(d) Failing to properly manage his space;
(e) Failing to yield the right of way to vehicles in front of him on the roadway;
(f) Failing to drive at a safe and reasonable speed under the conditions;
(g) Failing to drive defensively;
(h) Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, Shakita Clayton, in grave danger;
(i) Failing to adhere to safe driving principles expected of professional drivers;
(j) Failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;
(k) Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;
(l) Driving while distracted;
(m) Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances;
(n) Failing to yield at traffic control device;
(o) Such other specifications of negligence that shall be added by amendment or proven at trial.

33. Plaintiff charges and alleges that Defendant Martirosyan was guilty of violating one or more of the following statutes of the State of Tennessee, each and every such statute being in full force and effect at the time and place of the collision complained of, each and every such

violation constituting a separate and distinct act of negligence *per se*, and each and every such act constituting a direct and proximate cause of Plaintiff's injuries and damages, to-wit:

>Tenn. Code Ann. § 55-8-109. Obedience to any required traffic-control device.
>
>Tenn. Code Ann. § 55-8-128. Vehicle approaching or entering intersection.
>
>Tenn. Code Ann. § 55-8-129 - Vehicle turning left at intersection.
>
>Tenn. Code Ann. § 55-8-136. Drivers to exercise due care.
>
>Tenn. Code Ann. § 55-8-140. Required position and method of turning at intersections.
>
>Tenn. Code Ann. § 55-8-142 - Turning movements Signal for stop or decrease in speed.
>
>Tenn. Code Ann. § 55-8-197. Failure to yield right of way.
>
>Tenn. Code Ann. § 55-10-205. Reckless Driving.

34. Plaintiff further alleges that Defendant Martirosyan was guilty of violating one or more of the following Ordinances of the City of Memphis which were in full force and effect at the time and place of said accident, and that the violation of the aforesaid Ordinances were the direct and proximate cause of Plaintiff's injuries and damages, to wit:

>Sec. 11-16-2. Duty to devote full time and attention to operating vehicle.
>
>Sec. 11-16-3. Duty to drive at safe speed, maintain lookout and keep vehicle under control.
>
>Sec. 11-16-26. Stop intersections.
>
>Sec. 11-16-28. Turning movements generally.
>
>Sec. 11-16-37. Right-of-way when vehicle turning left at intersection.
>
>Sec. 11-16-44. Reckless Driving.

35. As a direct and proximate result of the Defendants' negligence, Plaintiff, Shakita Clayton, suffered significant and serious injuries, which would not have otherwise occurred.

36. The above-referenced acts of negligence of the Defendants were the cause in fact and proximate cause of the incident described in this Complaint, which resulted in the Plaintiff, Shakita Clayton, suffering significant physical and emotional injuries and damages.

## COUNT II- *RESPONDEAT SUPERIOR* AGAINST DEFENDANTS

37. Plaintiff incorporates paragraphs 1-36 as though set forth herein verbatim.

38. At all times material hereto, Defendant Martirosyan was acting within the course and scope of his employment or agency with Defendants and was furthering the business interests of Defendants.

39. Defendants are liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants, or contractors. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Martirosyan on May 3, 2021, which are described above and were committed within the course and scope of his agency or employment with Defendants.

40. As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries noted herein.

41. Alone or in conjunction with the negligence of other Defendant(s), Defendants' negligence proximately caused the injuries to Plaintiff.

42. Defendants are liable to Plaintiff for all damages allowed by law for the injuries, damages and losses sustained by the Plaintiff as a result of the negligence of Defendant Martirosyan and/or their own independent negligence.

## COUNT III- DEFENDANTS' NEGLIGENCE

43. Plaintiff incorporates paragraphs 1-42 as though set forth herein verbatim.

44. As an employer, Defendants are <u>independently</u> negligent in hiring, qualifying, training, entrusting, supervising and retaining Defendant Martirosyan in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

45. Defendants failed to ensure that their truck-tractor and driver complied with federal and state laws and regulations.

46. Defendants failed to properly inspect, maintain, service, or repair the truck-tractor that Defendant Martirosyan was operating.

47. As an employer and motor carrier, Defendants had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal law and regulations, Tennessee law and industry standards including:

   (a) The duty to properly qualify Defendant Martirosyan;
   (b) The duty to properly train Defendant Martirosyan;
   (c) The duty to properly inspect and maintain its vehicles; and
   (d) The duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicle.

48. Defendants were <u>independently</u> negligent in failing to meet their duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal laws and regulations, Tennessee law and industry standards.

49. As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries noted herein.

50. Alone or in conjunction with the negligence of the other Defendant(s), Defendants' negligence proximately caused the injuries to Plaintiff.

51. Defendants are liable to the Plaintiff for all damages allowed by law for the injuries,

damages and losses sustained by the Plaintiff as a result of the negligence of Defendant Martirosyan and/or their own independent negligence.

## INJURIES AND DAMAGES

52.     The Plaintiff incorporates paragraphs 1-51 as though set forth herein verbatim.

53.     Plaintiff charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts of common-law negligence, violations of the Statutes of the State of Tennessee and/or violations of the Ordinances of City of Memphis, violations of the Federal Motor Carrier Safety Regulations on the part of Defendants that Plaintiff is entitled to recover damages including, but not limited to, the following:

    a.     Severe and permanent injury, caused, precipitated and/or aggravated by the wrongs complained of herein;

    b.     Great fright and shock;

    c.     Great physical pain and suffering, both past and future;

    d.     Great mental and emotional anguish, both past and future;

    e.     Medical expenses, both past and future;

    f.     Past lost wages;

    g.     Lost earning capacity both past and future; and

    h.     Inability to enjoy the normal pleasures of life, both past and future.

54.     All of the said injuries, losses and damages incurred by Plaintiff, Shakita Clayton, were the direct and proximate result of the aforesaid negligence of the Defendants, including the violation of the statutes covering the operation of motor vehicles within the State of Tennessee, for which Plaintiff is entitled to recover.

## **RELIEF SOUGHT**

WHEREFORE PREMISES CONSIDERED, Plaintiff, respectfully prays:

1. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, and lost future earning capacity according to proof;

2. That the Plaintiff be awarded compensatory damages in the amount of 10 million dollars ($10,000,000.00);

3. That Plaintiff be awarded post-judgement interest as allowed by law;

4. That a jury be empaneled to try the issues which are joined; and

5. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**MORGAN & MORGAN – MEMPHIS, LLC**

_____
William T. Hackett (TN31143)
80 Monroe Ave., STE 900
Memphis, Tennessee 38103
Phone: (901) 333-1817
Fax:    (901) 524-1797
whackett@forthepeople.com